IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| ROSSI WADE & DAUGHTER (JANE DOE) | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) | Civil No. 1:22-cv-00907 |
| TRUIST BANK & THE GENERAL INSURANCE COMPANY | ) ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

This case arises from a series of events beginning on June 28, 2019 when Plaintiffs went to a SunTrust branch in Old Town Alexandria. They spoke with the branch manager about opening an account and inquired about when funds would be available. Plaintiffs claim the bank manager assured them the funds would be available July 1, 2019 if the account was opened that same day, which Plaintiffs proceeded to so.

1

On July 1, 2019, Plaintiffs went back to the bank branch to present a $1300.00 check to be cashed. Branch manager told Plaintiffs that the funds were not available for withdrawal but to come back the next day, July 2, 2019.

On July 2, Plaintiffs returned to withdraw funds and close the accounts. When Plaintiffs presented a twenty-dollar check to be cashed, the teller told them the funds were not available. Again, the branch manager told Plaintiffs to come back the next day, July 3.

On July 3, Plaintiffs again went to the Old Town branch and the branch manager informed her the account was closed because of fraud and there was an issue with the check they attempted to deposit.

Plaintiffs claim they made further attempts to close the accounts by visiting the Richmond Highway branch and by speaking on the telephone with SunTrust employees. Further, Plaintiffs allege the checks deposited with SunTrust were mailed to The General Insurance Company. During this time, Plaintiff Wade was sick and needed surgery performed.

This is Plaintiffs' fifth lawsuit arising out of these alleged facts. On October 1, 2019, Plaintiffs filed their first complaint in the Circuit Court for the City of Alexandria, Virginia against SunTrust Bank and a SunTrust employee. Defendant SunTrust removed the case to the Eastern District of Virginia and then filed a

motion to dismiss. The court granted the motion to dismiss stating Plaintiffs did not set forth a viable cause of action.

On February 20, 2020, a second complaint was filed in the Eastern District of Virginia. This complaint alleged the same facts and named several employees and the Board of Directors of Truist as defendants. Again, the complaint was dismissed because the Court ruled it was an amended complaint to their first filed complaint and it still failed to meet federal pleading standards.

The third complaint was filed on March 11, 2020 in the United States District Court for the District of Maryland. The same facts and causes of action were pleaded in the third complaint. Defendant Truist moved to dismiss the case. The court ruled the lawsuit was barred by res judicata and granted the motion to dismiss. Plaintiffs moved for reconsideration and the motion was denied. Plaintiffs filed an appeal of the dismissal on February 26, 2021. The United States Court of Appeals for the Fourth Circuit affirmed the District Court's dismissal of the Complaint.

On January 31, 2022, Plaintiffs again filed a motion in the United States District Court for the District of Maryland. The motion raised the same issues from the third complaint. The court issued a letter informing Plaintiff the motion was deficient and the case was terminated.

On February 3, 2022, Plaintiffs filed a fourth complaint in the United States District Court for the District of Maryland. The

3

fourth complaint asserted the same facts and causes of action included in the prior three complaints. Defendant Truist moved to dismiss on grounds of res judicata and for failure to state a claim. The Maryland Federal Court proceeded to dismiss the complaint sua sponte, for failure to state a claim.

In this matter, Plaintiffs filed a fifth Complaint in the Circuit court for the City of Alexandria, Virginia on July 5, 2022. The Complaint states the claims are Negligence Tort, Breach of Contract, Breach of Covenant, Misrepresentation, Liability and Privacy Rule Act, and Deceptive Trade Practices.

On August 9, 2022, Truist timely removed the current action to Federal Court pursuant to 28 U.S.C. §§ 1332, 1348, 1441, and 1446. Defendant now moves to dismiss the Complaint and requests a prefiling injunction.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Generalized, unsupported assertions are insufficient to state a claim. Id.

A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions,

4

and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citation omitted). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to a merely conceivable-inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus (quoting Estelle v. Gamble, 429 U.S., at 106, 97 S.Ct. 285), this does not relieve pro se litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) still requires pro se plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief."

Defendant moves to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiffs' claims are barred by the doctrine of res judicata. Under the doctrine of res judicata, a "final judgement on the merits of an action precludes

5

the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004)(quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). Claim preclusion bars the relitigation of matters that have already been litigated and decided. The party raising a res judicata defense must establish: "(1) a final judgement on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Pueschel, 369 F.3d at 354-355.

In this case, all three elements of res judicata are present. First, the Eastern District of Virginia's second Order dismissing Plaintiffs' complaint for failure to state a claim did so with prejudice. A court's dismissal with prejudice satisfies the first element of having a judgement on the merits in a prior suit. Second, the current Complaint is sufficiently identical to the earlier suits to fulfill the second element. Even if Plaintiffs argue they pled any additional claims, such claims would arise out of the same transaction or series of transactions as the claims resolved in the prior judgements. See Duckett v. Fuller, 819 F.3d 40 (2016). Lastly, all five suits involve the same parties, Truist bank and its subsidiaries, or its privies. Thus, this Court finds that Plaintiffs' claims are barred by res judicata.

For the foregoing reasons, the Court finds Defendant's Motion to Dismiss is granted and Defendant's request for a prefiling injunction is denied. An appropriate order shall issue.

*[Signature]*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 7, 2022